**In re PACOR, INC.**

**Civ. A. No. 86–5270.**

United States District Court,
E.D. Pennsylvania.

March 17, 1987.

**21**

See also, Bkrtcy., 72 B.R. 927.

Joseph F. Moore, Jr., Andrew J. Trevelise, Philadelphia, Pa., for appellants Eagle-Picher Industries, Inc., et al.

J. Gregg Miller, Henry J. Donner, Philadelphia, Pa., for debtor.

MEMORANDUM

GILES, District Judge.

Appellants, Eagle-Picher Industries, Inc., Keene Corporation, Celotex Corporation, Pittsburgh Corning Corporation, H.K. Porter Company, Inc. and Southern Asbestos Company, defendants in a pending state court asbestos personal injury action, have appealed from a final order of the bankruptcy court denying their motion to lift the automatic stay accorded under 11 U.S.C. § 362(a) to debtor Pacor, Inc. (Pacor) by reason of its Chapter 11 bankruptcy petition. The motion was denied without opinion.

Appellants argued below, and here, that the interests of justice require a lifting of the automatic stay so that they can attempt to prove that Pacor is a joint tortfeasor in the pending case of Frank Mayfield v. Johns-Manville Corp., et al., No. 3020 (Court of Common Pleas of Philadelphia County, August Term, 1980). Otherwise, they contend, the state court plaintiff, who settled with Pacor under a joint tortfeasor release, may recover a jury verdict against appellants which will not be reduced to reflect fairly and accurately that Pacor was a joint tortfeasor. Under Pennsylvania law if a settling defendant is not determined by a court of law to be a joint tortfeasor then the other defendants do not get the benefit of the settlement. The settling defendant is regarded as a non-tortfeasor unless proven otherwise.

Appellants argue that they are left in the position of being subject to paying plaintiff more than their fair share of any verdict rendered by a state court jury.[1] Appellants assert that lifting the stay will not prejudice the estate of Pacor in any way since the debtor has the benefit of the joint tortfeasor release which provides for pro rata reduction and indemnification of cross-claims, whereas not lifting the stay will frustrate their ability to prove that any verdict should be reduced by the degree to

1. Appellants assert this argument as to Pacor but not as to three other original defendants who have filed for bankruptcy: Johns-Manville Corporation, Unarco Industries, Inc., and Ama-

tex Corporation. Ostensibly, appellants focus their argument on Pacor because it settled with the state court plaintiff and the other bankruptcy debtors did not.

which Pacor's joint tortfeasor, causative conduct can be proven at trial.

Pacor opposed the motion to terminate the automatic stay below on the ground that its settlement with the state court plaintiff occurred within ninety (90) days of the filing of the Chapter 11 bankruptcy petition and, as such, is subject to being set aside as a preference under 11 U.S.C. § 547(b). Such action, it argues, would have the effect of voiding the release and exposing Pacor to whatever damages could be found against it at trial. Should the automatic stay be lifted, Pacor contends that it would have to divert resources from the affairs of the Chapter 11 reorganization effort to defend its interests in non-bankruptcy proceedings.

▆ Frank Mayfield was one of twenty-six state court asbestos plaintiffs who participated in a group settlement with Pacor whereby that defendant paid a total of $260,000 on April 29, 1986. Mayfield executed a joint tortfeasor release which provided for a reduction of Pacor's pro rata share of plaintiff's damages recoverable against all other defendants or tortfeasors and for indemnification and/or contribution by the other defendants.[2] On July 3, 1986, less than ninety (90) days after completion of the Mayfield settlement, Pacor filed for reorganization to obtain protection of the bankruptcy court from the asbestos litigation. At the time of filing there were 4,200 active asbestos cases pending against Pacor. On July 3, 1982, consistent with 11 U.S.C. § 362(d), the bankruptcy court entered a restraining order staying the commencement and continuation of all lawsuits against the debtor.

The decision to lift or continue the automatic stay is committed to the sound discretion of the bankruptcy court. The moving party has the burden of establishing that just cause exists for a lifting of the stay. Here, I find that appellants cannot prevail. As a matter of law, the Mayfield settlement is *subject* to being set aside as a preference because it occurred within ninety (90) days of the filing of the petition. Necessarily, the possibility exists that Mayfield's share of the group settlement will exceed the amount he would receive if there were a liquidation of assets under Chapter 7 of the Bankruptcy Code. Whether there should be a liquidation rather than a reorganization of Pacor is a matter yet to be determined by the bankruptcy court. Therefore, the trustee in bankruptcy reserves the right to seek to avoid the $260,000 pre-petition settlement at least until the time that a plan of reorganization has been approved and has every incentive to marshall all available assets of the debtor to assuage creditors through a plan of reorganization and to avoid liquidation. By denying the motion to set aside the automatic stay, even without opinion, the bankruptcy court advised appellants, as I do, that the court will not prejudice the rights of a multitudinous class of similarly situated creditors, some 4,200 claimants who have alleged asbestos related injuries and have as yet received nothing, by determining that the Mayfield group settlement could not be a preference and could not be set aside.

If the automatic stay were lifted as to the Mayfield action, there is no reason why it would not also have to be lifted as to the other twenty-five settling plaintiffs. If lifted, the Pacor estate would have the right and incentive to defend the actions and/or participate in discovery proceedings. The estate may do so to show that there was no joint tortfeasor responsibility, that the co-defendants were the principal tortfeasors, or that the Mayfield settlement amounts exceeded Pacor's actual liability, thus avoiding the settlements on that basis. On the other hand, Pacor's participation in the trial arguably could be construed as a breach of the settlement agreement, giving the plaintiff a basis for asserting against Pacor a larger claim than the settlement amount. In any event, the lifting of the stay would require Pacor's devotion of as-

---

**2.** The record is silent as to the amount of money actually received by Mayfield. It is also silent as to what form of release, if any, was executed by the other 25 plaintiffs, although one can reasonably infer from the fact that there was a group settlement that all the settling plaintiffs signed the same form of release.

 

sets to the litigation of non-bankruptcy litigation when conservation of assets is paramount to effectuating a plan of reorganization in the bankruptcy court. Such expenditure would be antithetical to the reorganizational efforts of the trustee.

Fundamentally, the thrust of appellant's contention is that a determination of all joint tortfeasor liability in a single trial is necessary to avoid unjust enrichment of the plaintiff and an unjust payment burden upon the non-bankrupt defendants. However, I disagree with the proposition that in avoiding the perceived injustice a rational distinction can be made between Pacor and the other bankrupt companies sued as original defendants. Carried to its logical conclusion, the automatic stays in effect as to the latter companies would also have to be lifted. Appellants do not seek such recourse. Appellants do have recourse in bankruptcy against the non-settling bankrupt defendants and would have a similar recourse against Pacor for joint tortfeasor contributions.

█ In any event, the issue raised here has been rendered moot by action of the state court. The Philadelphia Court of Common Pleas, in a standing order, has severed Pacor from the Mayfield and other asbestos litigation. The state forum is no longer available to litigate Pacor's alleged joint tortfeasor status. Recognizing the burden placed upon non-settling, non-bankrupt defendants, in the same standing order the state court has required all plaintiffs who have settled with Pacor, Inc., as a condition of proceeding against the non-bankrupt defendants, to agree to a reduction of the dollar amount received from Pacor against any verdict rendered without a determination of whether or not Pacor is a joint tortfeasor. *Yancey v. Raymark Industries, Inc., et al.,* No. 1186 (Court of Common Pleas of Philadelphia County, November Term 1981), No. 0001 (Special Asbestos Docket, October Term 1986). The defendants may choose to reduce their liability by their proportionate share of the Pacor settlement or await the ultimate resolution of the Pacor bankruptcy to seek contribution of Pacor's full pro-rata share.

For the foregoing reasons, the appeal is dismissed.